UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO SOLER (A# 074-054-653),<br>Petitioner,<br>v.<br>WARDEN, MESA VERDE DETENTION FACILITY,<br>Respondent. | No. 1:26-cv-05417 DAD SCR<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee proceeding pro se with a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I. Factual and Procedural History**

Petitioner is a native and citizen of Cuba who entered the United States near Miami, Florida, on October 24, 1995. ECF No. 7-1 at 2. He encountered immigration officials and received a "public interest parole" through October 23, 1997. Id. On September 28, 2026, local law enforcement arrested Petitioner for Robbery Strongarm and Battery under Florida state law. ECF No. 7-2 at 5-6 (FBI "rap sheet"). On the same day, Immigration and Customs Enforcement ("ICE") agents encountered Petitioner at the Turner Guilford Knight Correctional Center and issued an immigration detainer. ECF No. 7-1 at 2. Officials detained Petitioner and issued him a

Notice to Appear, charging him as inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I) (noncitizen not in possession of valid entry document). Id. at 2-3. Petitioner is currently detained at the Mesa Verde Detention Facility within this judicial district. ECF No. 1 at 3.

Petitioner filed this § 2241 petition on July 13, 2026, challenging his prolonged, nine-month detention under the Due Process Clause of the Fifth Amendment. ECF No. 1. Petitioner states he has worked as a chef at the same restaurant since 2011 and supports his seven U.S.-citizen children. Id. at 5. Detention impedes his medical treatment following surgery to insert two cardiac shunts. Id. at 6. Pointing to Petitioner's pre-order detention and history of law enforcement contacts, Respondent argues that "this case is in the category of immigration habeas cases for which the Court has typically ordered a bond hearing[.]" ECF No. 7 at 1. Respondent does not oppose such relief and requests a 14-day period to set a hearing. Id. at 2. Respondents also reserve their position that Petitioner is an "applicant for admission" under 8 U.S.C. § 1225(b) and lacks a right to freedom in any form other than provided by Congress. Id. at 2.

## II. Analysis

Petitioner acquired a protected liberty interest in his continued freedom when immigration officials released him on public interest parole in October 1995.[1] See Chavarria v. Chestnut, No. 1:25-CV-01755-DAD-AC, 2025 WL 3533606, at *3 (E.D. Cal. Dec. 9, 2025) (same and collecting cases). Although that parole expired in 1997, the "liberty interest [does] not expire along with his parole." D.L.C. v. Wofford, 820 F. Supp. 3d 1106, 1111 (E.D. Cal. 2026) (citing cases). "The court therefore need not determine whether § 1225 or § 1226 applies in this case because petitioner has a liberty interest in his continued release regardless of the applicable detention scheme." Cajina v. Wofford, No. 1:25-CV-01566-DAD-AC (HC), 2025 WL 3251083, at *3 (E.D. Cal. Nov. 21, 2025) (citations omitted).

Considering all these factors, and consistent with the Court's reasoning and rulings in

[1] The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 amended the parole statute at 8 U.S.C. § 1182(d)(5). It replaced the "emergent reasons or for reasons deemed strictly in the public interest" standard with today's "urgent humanitarian reasons" and "significant public benefit" criteria. See Walters v. Reno, 145 F.3d 1032, 1051 (9th Cir. 1998) (noting amendment).

substantively identical cases, the undersigned finds that petitioner's Fifth Amendment right to procedural due process was violated by his re-detention without a pre-deprivation hearing. See Guaura v. Warden, 26-cv-01124-DAD-AC (HC), 2026 WL 895694 (E.D Cal. Apr. 1, 2026) (applying Cajina, 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), to grant petition on habeas petitioner's procedural due process claim); Lopez v. Albarran, No. 1:25-CV-01890-DAD-SCR (HC), 2025 WL 3691082 (E.D. Cal. Dec. 19, 2025) (same outcome as to a request for a temporary restraining order, relying on Perez v. Albarran, No. 1:25-CV-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025)).

Regarding the appropriate remedy, the undersigned observes that Judge Drozd has found post-deprivation remedies appropriate in cases with particularized flight risks that "urgently require arrest" and where a pre-deprivation hearing "would have been impracticable and/or would have motivated [petitioner's] flight." O.A.C.S. v. Wofford, No. 1:25-cv-1652 DAD CSK (HC), 2025 WL 3485221, at *4 (E.D. Cal. Dec. 4, 2025) (quoting Martinez Hernandez v. Andrews, No. 1:25-cv-1035 JLT HBK, 2025 WL 2495767, at *11–12 (E.D. Cal. Aug. 28, 2025)). Respondent points generally to Petitioner's law enforcement contacts as a basis to order a bond hearing instead of granting release. But Respondent has not identified any particularized flight risk to justify the lack of pre-deprivation notice and hearing. Thus, the circumstances of Petitioner's detention are substantially similar to prior cases where Judge Drozd has ordered immediate release. See, e.g., Guaura, 2026 WL 895694, at *1; Che v. Warden, No. 2:26-cv-00770-DAD-JDP, 2026 WL 688846, at *1–2 (E.D. Cal. Mar. 11, 2026).

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be GRANTED as follows:
   a. Respondents be ORDERED to immediately release Petitioner Julio Soler (A# 074-054-653) from custody;
   b. Respondents be ENJOINED and RESTRAINED from re-detaining Petitioner unless they provide him with notice and a pre-detention hearing before an immigration judge, at which hearing the government shall bear the burden of

establishing Petitioner is a danger or flight risk by clear and convincing evidence.

3. Petitioner's motion to appoint counsel (ECF No. 3) be DENIED as moot.

4. Any order adopting these findings and recommendations include language that it does not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

5. The Clerk of the Court be directed to:

a. Serve a copy of this order on the Mesa Verde Detention Facility; and

b. ENTER judgment in favor of Petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 24, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE